Dear Ms. Moore,
This office is in receipt of your opinion request of recent date wherein you inquired the following:
Does a Constable have the authority to write a summons for a litter offense that occurs on a state highway or within a municipality located within the parish?
Does a Constable have the authority to write a summons for a litter offense that occurs within the parish but the offender resides outside of the parish?
If a Constable has a sworn affidavit from a Louisiana citizen deposing that the citizen witnessed an act of littering, is it necessary for that citizen to appear in court?
This office is of the opinion that the answers to your inquiries are found directly in LSA-R.S. 13:2586(C)(2), providing that:
 A justice of the peace shall have concurrent jurisdiction over the litter violations occurring anywhere in the parish in which the court is situated, which are prohibited by R.S. 30:2531(B) or any ordinance of a parish governing body providing for litter abatement or control that provides that the trial for the violation of any such ordinance may be in a justice of the peace court. In addition, a constable may issue summons and serve subpoenas for such violations occurring anywhere in the parish in which his court is situated. (Emphasis added).
Using this direct language, a Constable seems to have the authority to write a summons for an offense that occurs on a state highway or within a municipality, as long as the offense occurs within the parish in which the court sits. Also, this language seems to imply that a Constable may issue a summons for violations occurring anywhere in the parish in which the court is situated, regardless of the residence of the offender. Additionally, there is no jurisprudence or other authority which would contradict this notion.
Lastly, this office is of the opinion that the direct language of LSA-CCrP 211.3 may be used to answer the last inquiry, providing:
When a peace officer has reasonable grounds to believe a person has committed an offense of littering under the provisions of R.S. 30:2531
through 2531.3 he shall issue a written citation or summons to the offender in accordance with law, commanding him to appear and answer the charge.
For the purposes of this Section, reasonable belief may be based upon an affidavit completed on a form provided by any sheriff or the chief of police of the city of New Orleans for such purpose, containing the sworn statement of any Louisiana citizen of the age of majority, deposing that the citizen witnessed an act of littering, and particularly describing the offender and any vehicle or watercraft involved.
There is neither language nor a jurisprudential requirement which mandates that the witness must appear before the court and testify to authenticity of the affidavit. However, the affidavit alone may not be sufficient to establish a conviction. The code states specifically that it will be a basis for a reasonable belief the offense was committed. Testimony of the witness will be needed to help secure the conviction. Furthermore, it is important to remember that pursuant to the Confrontation Clause of the U.S. Constitution, every defendant has the right to confront their accusers. U.S.C.A. Const. Amend 6. Thus, the witness must appear before the court if subpoenaed by the accused so as to afford him the right to confront his accuser.
Very truly yours,
 CHARLES C. FOTI JR. ATTORNEY GENERAL
 BY: __________________ ELLISON TRAVIS ASSISTANT ATTORNEY GENERAL
ET/js/jy